GRIGOROS *v.* FRIEDBERG.

COMPROMISE AND SETTLEMENT—FRAUD NOT ESTABLISHED.

In a suit by vendee to set aside a contract of settlement, alleged to have been procured by fraud, whereby vendor agreed to pay vendee a certain amount and that he assign to the vendor all his rights under certain land contracts, evidence *held*, insufficient to establish that the contract of settlement was fraudulently made by vendor after vendee had knowledge that the land purchased was comparatively worthless.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted April 17, 1928. (Docket No. 153, Calendar No. 33,619.) Decided June 4, 1928.

Bill by Vosile Grigoros against Morris Friedberg to set aside a contract of settlement, and for specific performance of land contracts. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Sol Blumrosen,* for plaintiff.

*James I. Ellman,* for defendant.

POTTER, J.   The bill of complaint herein is filed to set aside a contract of settlement and to specifically perform land contracts.   Defendant became interested in the prospective development at Marysville, where was located the factory of the Wills-Ste. Claire Motor Car Company.   Henry R. Maurer was his personal attorney.   At the request of defendant, Maurer took title to the property in his own name.   Subsequently it was transferred by him to a corporation.   Maurer was a defendant herein, but the suit was dismissed as to him and proceeded against defendant alone.   The property which was acquired in the name of Mr. Maurer was subdivided and lots sold.   Plaintiff paid approximately $5,500 for six lots.   The contract provided the property should be improved.   It was not improved.   Defendant lost his interest in the subdivision.   The plat was vacated.   Plaintiff bought the lots for speculation.   He visited them.   He did not worry about the lots not being worth anything. When it was apparent the lots were worthless, plaintiff desired to recoup his losses, and made a contract with defendant as follows:

"Memorandum of agreement, made and entered into by and between Vosile Grigoros of Detroit, Michigan, hereinafter referred to as the first party, and Morris Friedberg of the same place, and hereinafter referred to as second party.   Witnesseth:

"Whereas, first party entered into a contract to purchase from H. R. Maurer and the Range Road Land Company, a Michigan corporation, certain parcels of land located in the township of...................., St. Clair county, Michigan, described as lots numbered twenty-five (25), twenty-six (26), twenty-seven (27), twenty-eight (28), one hundred sixty (160) and one hundred sixty-one (161), all inclusive, of Range Road Subdivision, and desires to dispose of his interest in said property to the second part.

"Therefore, it is agreed as follows:

"The first party, in consideration of the agreement of the second party as hereinafter provided, has trans-

ferred, assigned and conveyed and does hereby transfer, assign and convey to second party all of first party's right, title and interest in and to the land above described, together with all the rights and privileges accruing to him under any contracts for the purchase of said lands heretofore entered into by first party with H. R. Maurer or the Range Road Land Company.

"The second party, in consideration of the assignment, transfer and conveyance by first party of all his right, title and interest in and to said lands as aforesaid hereby agrees to pay to said first party, the sum of eighteen hundred ($1,800) dollars in the following manner: The sum of one hundred ($100) dollars upon the signing of this agreement and the remaining seventeen hundred ($1,700) dollars in monthly installments of not less than one hundred ($100) dollars payable on the 28th day of each month, all of said payments to be made by second party to first party at the business office of second party, 1256 Griswold street, Detroit, Michigan.

"In witness whereof, the said parties have hereunto subscribed their names this 28th day of July, A. D. 1926.

"VOSILE GRIGOROS.

"In the presence of:
    "HENRY R. MAURER.
    "August 28th, $100.00."

This settlement is sought to be set aside for fraud. Plaintiff, defendant, and Maurer, who prepared the contract of settlement, testified in relation to it. Plaintiff said he visited defendant. He testified:

"He didn't offer me any money on my second visit. I did not ask him for it. After Mr. Friedberg said he would give me $1,800 I went home and I returned two or three days later. I was thinking over whether I should take the $1,800 and decided to return and get it."

Defendant testified:

"The plaintiff told me he would like to get $2,500. I told the plaintiff I was willing to pay him some money on the basis of $100 a month and I would give him

$1,500. I told the plaintiff to think it over and let me know as to what he wanted. He came back and asked for $2,000. We finally compromised on $1,800. I told him that I would pay the $1,800 as satisfactory to him at the rate of $100 a month."

Mr. Maurer said:

"My recollection is that this agreement was prepared at the request of Morris Friedberg in my office and signed by Mr. Grigoros in my presence. * * * I don't believe any money was paid when I read the agreement to him. My recollection is that some one else was with him at the time. He took the agreement with him and went to see Morris Friedberg."

We think plaintiff has not shown this contract of settlement was fraudulently made by defendant after plaintiff had knowledge the land purchased was comparatively worthless.

The decree is affirmed, with costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.